UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:10-CR-87 |
| | ) | |
| JOHNNY GROOMS, *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**

On September 28, 2009, the magistrate judge of this court issued a warrant to search the business premises known as Park Entrance Grocery in Cosby, Tennessee, which was owned by defendant, Johnny C. Grooms. *See*, Document 17. That warrant was issued upon the application and accompanying affidavit of Kevin Kimbrough, a Task Force Officer of the Drug Enforcement Administration. The warrant was executed on September 30, 2009, and officers found and seized evidence of defendant's drug trafficking, as well as firearms.

Defendant has filed a motion to suppress that evidence, (Doc. 95), alleging that the affidavit lacked substantive averments regarding the reliability of the various confidential informants referenced in the affidavit; that it lacks sufficient independent police corroboration to overcome the foregoing lack of information regarding liability; and that the relevant information in the affidavit was stale.

This motion has been referred to the United States Magistrate Judge under the

standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on December 28, 2010.

The Fourth Amendment provides that a search warrant may be issued only upon "probable cause" supported by sworn testimony which particularly describes the place to be searched and the person or things to be seized. Probable cause to search exists where "the facts and circumstances within [the officers'] knowledge, and of which they had reasonably trustworthy information . . . [are] sufficient in themselves to warrant a man of reasonable caution in the belief that . . . " evidence of criminal activity can be found at a particular place. *Carroll v. United States*, 267 U.S. 132, 162 (1925). *See also, Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Beasase*, 521 F.2d 1306, 1307 (6th Cir. 1975). Probable cause, as well as the determination regarding the reliability of any information provided by an informant, must be determined on the basis of the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). As the words "totality of the circumstances" suggest, any subsequent review by a court must not be a "divide and conquer" approach to the affidavit, looking at each statement in isolation and independent of all the others; rather, the supporting affidavit should be read and considered as a whole.

To be sure, Agent Kimbrough's affidavit describes statements made by confidential informants regarding defendant's trafficking in Hydrocodone and Oxycodone. But his affidavit also describes numerous transactions and conversations between defendant and a named undercover law enforcement officer with the United States Fish and Wildlife Service. On February 11, 2009, defendant gave this undercover officer a "free sample" of cocaine.

On that same date, the officer saw defendant sell pills to an unidentified woman.

On February 26, 2009, the undercover agent saw an unidentified male sell two Oxycodone pills to defendant. On that same day, defendant showed the agent an electronic device hidden in the store that he claimed could detect transmitting devices in his store and parking lot, presumably to warn him of hidden microphones. The agent then purchased a baggie of cocaine from defendant for $1,200.00.

On April 15, 2009, defendant and the agent discussed the possibility of the two of them traveling to Florida to obtain pills, and they also discussed the preference of defendant's clientele for 40 mg. Oxycodone pills rather than 80 mg. pills. These conversations and transactions as described in the affidavit overwhelmingly demonstrated that the defendant was a drug trafficker, thereby lending ample credence to the statements of the informant who likewise knew defendant was trafficking illegal drugs.

Moreover, the informant identified as "CS-1" in the affidavit necessarily incriminated himself in criminal activity as he described the criminal activity of defendant. A statement against penal interest is itself an indication of the reliability of the information provided by the confidential informant. *See, United States v. Harris*, 403 U.S. 573, 583 (1971).

Suffice it to say, information of the confidential informant was more than adequately corroborated.

The question of staleness of the information in an affidavit can be decided only when considering the nature of the crime, the criminal, the place to be searched, and the thing to be seized. *See, United States v. Spikes*, 158 F.3d 913, 923-24 (6th Cir. 1998). As reflected

by Kimbrough's affidavit, defendant obviously had an on-going drug business, involving mostly (but not exclusively) Oxycodone pills. The undercover agent on numerous occasions observed evidence of defendant's drug trafficking from his Park Entrance Grocery business premises. This court has held numerous times that the very nature of drug trafficking indicates that it is a persistent activity, and the undercover agent's observations over a lengthy period of time corroborates that conclusion in the specific case of this defendant. The information was not stale.

It is respectfully recommended that defendant's motion to suppress (Doc. 95) be denied.[1]

Respectfully submitted,

s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).